# WEIL v. CABLE CO.

(Court of Civil Appeals of Texas. March 16, 1911.)

1. APPEAL AND ERROR (§ 387*)—APPEAL BOND —TIME FOR FILING.

Under Sayles' Ann. Civ. St. 1897, art. 1387, providing that, if the judgment is rendered at a term of a county or district court which may continue more than eight weeks, the appeal bond must be filed within 20 days after notice of appeal if the appellant resides in the county, and 30 if he resides without, a failure to file the bond within the time required prevents the appellate court from acquiring jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064-2070; Dec. Dig. § 387.*]

2. APPEAL AND ERROR (§ 387*)—APPEAL BOND —TIME OF FILING.

Where one appealing from a judgment rendered at a term, which continued more than eight weeks, failed to file the bond within the time required by Sayles' Ann. Civ. St. 1897, art. 1387, and sought to excuse his failure because the term at which judgment was rendered was not authorized by law, the appeal will be dismissed, for, if the term was unauthorized by law, the appeal must be dismissed, and, if authorized, the bond was not filed in time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064-2070; Dec. Dig. § 387.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action between Felix Weil and the Cable Company. From a judgment for the latter, Weil appeals. Appeal dismissed.

Bisland & Bruce and N. J. Wade, for appellant. Flournoy, Smith & Storer, for appellee.

WILLSON, C. J. The record is before us on a motion to dismiss the appeal, on the ground that this court is without jurisdiction to hear and determine it because not perfected by the filing of an appeal bond within the time allowed by law. Where a judgment is rendered at a term of a county or district court which may by law continue more than eight weeks, the statute cited requires the appeal bond to be filed within 20 days after notice of an appeal is given, "if the party taking the appeal resides in the county, and within thirty days if he resides out of the county." Sayles' Stat. 1897, art. 1387. It appears from the record that the judgment was rendered and notice of the appeal was given January 25, 1910, during a term of the county court of Tarrant county for civil cases, which began January 3, 1910, and ended March 5, 1910. So it appears that the term of court at which the judgment was rendered continued more than eight weeks. The appeal bond was filed February 28, 1910, or on the thirty-fourth day after the day the notice of an appeal was given. It has been repeatedly held that, unless the requirement of the statute as to the time within which the bond shall be filed is complied with, the appellate court does not acquire jurisdiction of the appeal. Mara v. Branch, 127 S. W. 1076; Nash v. Noble, 114 S. W. 848. In reply to the motion, appellant insists, and offers testimony to show, that the term of court at which the judgment was rendered was unauthorized by law. If it was, then, without reference to when the bond was filed, the appeal should be dismissed. As the contention of appellee should be sustained if that of appellant should be overruled, and as the sustaining of either conten-

tion would lead to the same result, we have not thought it necessary to determine whether the term of the court was one authorized by law or not.

The appeal is dismissed.